BRYANT TIMBER COMPANY v. TILGHMAN LUMBER COMPANY.

(Filed 24 March, 1915.)

1. **Deeds and Conveyances—Trials—Evidence—Contracts to Convey Timber—Tender of Deed.**

In an action to compel a defendant to perform his contract to purchase timber on certain lands of the plaintiff it is competent for the plaintiff to introduce in evidence his deed, which he has previously tendered, purporting to convey the timber, for the purpose of showing he was ready and willing to perform his part of the contract.

**2. Deeds and Conveyances—Contracts to Convey Timber—Trials—Defective Title—Parties—Evidence.**

Where the title to lands of the plaintiff, in controversy, depends upon a judgment in certain former proceedings for their sale, and defendant introduces evidence that a party to that proceeding had filed in the clerk's office a petition to set aside the sale on the ground that he had been made a party thereto without his authority, which was not served and which is relied on as evidence of a defective title, it is competent to show by witnesses, who were present when the petition was prepared and knew its contents, that the petitioner had authorized his joinder as a party to the proceedings for the sale of the lands.

**3. Appeal and Error—Unanswered Questions.**

Unanswered questions, without anything appearing of record to show their materiality, will not be considered on appeal.

**4. Appeal and Error—Trials—Damages—Evidence—Deeds and Conveyances —Tender of Deed.**

Where the plaintiff has tendered his deed under his contract to convey standing timber, and demands damages in his action for the burning of timber on the lands, the rejection of evidence upon the question of the damages, without showing that they occurred prior to the tender of the deed, is not erroneous.

APPEAL by defendant from *Daniels, J.,* at October Term, 1914, of SAMPSON.

Action to recover the purchase price of certain timber on a tract of land known as the Wilson tract.

On and prior to 14 June, 1907, the plaintiff was the owner of certain timber, timber rights and easements in Sampson County, and on said date entered into a contract with the defendant to sell certain of said timber upon the terms and conditions as set out in a contract at that time entered into between plaintiff and defendant. The defendant, complying with said contract and agreement, took deeds for all the timber described, upon the terms and conditions therein contained, and paid for same, with the exception of the one tract which is in dispute. This particular tract the defendant claims it was not compelled to take on account of the fact that the said contract does not require it to take any of the said timber to which the plaintiff has not a good title, or any of said timber to which the plaintiff does not have a title which "is good and sufficient and free from all encumbrances," and a title which is "absolutely free from all conditions and encumbrances." The defendant also contends that they were not required to take said timber until the plaintiff had tendered them such title as above referred to; and that they should then have a period of ten days within which to investigate such title.

The jury returned the following verdict:

1. Did the plaintiff, The Bryant Timber Company, tender to defendant, Tilghman Lumber Company, a good and sufficient deed for the timber rights and easements as set forth in the complaint, and if so, when? Answer: "Yes; 5 November, 1909."

2. Did defendant, Tilghman Lumber Company, wrongfully refuse to accept said deed? Answer: "Yes."

3. What was the price agreed to be paid for said timber rights and easements? Answer: "$7,500."

4. What amount is plaintiff entitled to recover of defendant for said timber? Answer: "$7,500, with interest from 15 November, 1909."

His Honor charged the jury: That if the jury shall believe all the evidence in the case, they should answer the first issue "Yes; 15 November, 1909," and the second issue "Yes," and the third issue "$7,500, with interest from 15 November, 1909."

The defendant excepted.

*C. M. Faircloth and H. L. Stevens for plaintiff.*
*Fowler, Crumpler & Gavin for defendant.*

ALLEN, J. It was conceded upon the argument, and properly so, that the instructions to the jury are correct if there is no error in the admission of evidence, and upon a careful consideration of the record we find none.

It is true, as contended by the defendant, that a deed only takes effect from delivery, but it was competent for the plaintiff to introduce in evidence its deed purporting to convey the timber in controversy to the defendant for the purpose of showing that it was ready and willing to perform its part of the contract.

The plaintiff claimed title in part under a proceeding for the sale of lands to which Jesse F. Wilson was a party, and on the morning of the trial of this action Jesse F. Wilson filed in the clerk's office a petition which was not served, seeking to set aside the proceeding upon the ground that he had been made a party thereto without authority, and this was relied on by the defendant as evidence of a defect in the title of the plaintiff.

It then became competent for the plaintiff to introduce Messrs. Grady and Faison and to prove by them that Jesse F. Wilson authorized his joinder as a party to the proceeding; that he was present when the petition was prepared and knew its contents.

The exceptions of the defendant to the refusal of the court to permit a witness to answer certain questions as to damage to the timber by fire and otherwise since the execution of the contract are without merit.

In the first place, there is nothing in the record to indicate what would have been the answers to the questions. (*Lumber Co. v. Childerhose,* 167 N. C., 34), and again, it does not appear that if there was a depreciation in value, it occurred prior to the time the plaintiff tendered its deed to the defendant.

There was ample evidence to support the findings of the jury, and the motion for judgment of nonsuit was properly denied.

No error.